IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DELTA BUNYARD-FRAILEY,<br><br>    Defendant. | Case No. 3:22-CR-30128-NJR-1 |

# ORDER

**ROSENSTENGEL, Chief Judge:**

Before the Court is a *pro se* motion by Defendant Delta Bunyard-Frailey requesting a sentence reduction under 18 U.S.C. § 3582(c) and Part A and B of Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G."). (Doc. 80).

In Part A of Amendment 821, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in U.S.S.G. § 4A1.1(e). Under the amended provision, a defendant who has seven or more criminal history points and who committed the offense of conviction while under any criminal justice sentence receives one status point. A defendant who has six or less criminal history points and who committed the offense of conviction while under any criminal justice sentence receives no status points. Under Part B of Amendment 821, offenders with zero criminal history points and whose offense did not involve certain aggregating factors shall receive a two-level decrease in their offense level. U.S.S.G. § 4C1.1. The changes apply retroactively.

Here, Bunyard-Frailey was sentenced after Amendment 821 went into effect. The status point portion in Part A of Amendment 821 was applied in the presentence investigation report and reflected in Bunyard-Frailey's calculated guideline range. (Doc. 75). As she had more than seven criminal history points and committed the offense while on supervised release, she only received one status point. (*Id.*). Further, Bunyard-Frailey was not eligible for a reduction under Part B at sentencing, because, with 14 criminal history points, she was not a zero-point offender. (*Id.*). Because the Court accounted for the relevant part of Amendment 821 in determining Bunyard-Frailey's original sentence, she is ineligible for a sentence reduction under either part of Amendment 821. For these reasons, Bunyard-Frailey's request for a sentence reduction (Doc. 80) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  March 6, 2024**

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**